UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ZAO BURRELL, )
)
         Petitioner, )
)
vs. ) Case No 1:16-cv-0389-TWP-TAB
)
SUPERINTENDENT, )
)
         Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Zao Burrell ("Burrell") for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 15-10-0043. For the reasons explained in this entry, Burrell's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit-earning class without due process. *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On October 15, 2015, Correctional Sargent J. Lawson wrote a Report of Conduct in case NCN 15-10-0043 charging Burrell with Class B offense 207, Possession of an Electronic

1

Device. The Conduct Report states:

> On the above date [10/15/2015] at approximately 1830 I Sgt. J. Lawson was assisting Officer N. Gaddis and Officer J. New with nightly cell searches. Upon arriving at cell 04-211 Ofc. Gaddis advised both offenders to come to the door. Off. Burrell was sitting on the top bunk at this time. Off. Burrell continued messing with something on the top shelf that was directly next to him. I could hear the sound of metal on metal hitting while he was messing around on the shelf. Off. Burrell then got down off of the bed and gave something to his cell mate who was sitting on the toilet. His cell mate immediately flushed the toilet. Both Offenders were removed from the cell and a search of the cell was conducted. Upon looking on the top shelf I noticed the wall outlet for the cable cord to plug into was off of the wall and sitting on the top shelf. I looked inside of the outlet box and noticed a plastic bag stuffed on the left side of the box. Upon inspecting the contents of the baggy I confirmed that it contained two ends to cell phone chargers. It was short wire with just the plug that plugs into the cell phone. Off. Burrell was advised that he would be receiving a conduct report.

[Dkt. 8-1].

On October 15, 2015, Burrell was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. Burrell did not request a lay advocate, but did request Offender Thomas as a witness. Burrell did not request any evidence. [Dkt. 8-2].

A disciplinary hearing in case NCN 15-10-0043 was held on October 16, 2015, and the Hearing Officer found Burrell guilty of the charge of possession of an electronic device. In making this determination, the Hearing Officer considered the staff reports, the offender's statement, photo evidence, and evidence from witnesses. Based on the Hearing Officer's recommendations the following sanctions were imposed: thirty (30) days of disciplinary segregation, suspended; thirty (30) days of lost commissary and phone privileges; and a demotion from credit class 1 to credit class 2. The Hearing Officer recommended the sanctions because of seriousness of the offense, the offender's attitude and demeanor during the hearing, and the degree to which the violation disputed/endangered the security of the facility. [Dkt. 8-3].

Burrell appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

**C. Analysis**

Burrell is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) the evidence was insufficient to support a guilty finding; 2) he was denied an impartial decision maker; 3) he was denied the right to call a witness; 4) he was denied the right to exculpatory evidence; and 5) the written findings were inadequate.

In claim one, Burrell challenges the sufficiency of the evidence. Specifically, he argues the evidence was insufficient because the hearing officer failed to call his witness, consider witness testimony, and maintain the chain of custody. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *Id.* at 784.

The conduct report shows that Burrell was "messing with something" and the officer could hear metal hitting metal. Burrell got off the bed and gave something to his cell mate sitting on the toilet. Upon inspection of the cell, the officer found a plastic baggie shoved into the cable wall socket next to where Burrell had been sitting. The plastic baggie contained two ends to cell phone chargers. In finding Burrell guilty, the Hearing Officer relied on staff reports, the offender's statement, photo evidence, and evidence from witnesses. This included a photo of the cell phone chargers that were found in Burrell's cell. The possession of cell phone chargers is sufficient evidence to support a guilty finding of possession of an electronic device because chargers are a necessary component of an electronic device.

Burrell claims the evidence was insufficient because the Hearing Officer failed to consider the statement of Offender Thomas. [Dkt. 1, at p. 4]. Offender Thomas provided the following statement: "what was found in the cable box is mine not my bunky." [Dkt. 8-2]. Contrary to Burrell's claims, the Hearing Officer did consider the evidence from witnesses, he simply did not find Offender Thomas' statement credible. [Dkt. 8-3]. A hearing officer is not required to credit the testimony of a witness as true. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.; see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996).

Burrell also argues the evidence was insufficient because the Hearing Officer violated the chain of custody. However, he fails to describe how the chain of custody was violated. The conduct report states the evidence was placed in an evidence locker by Sergeant Lawson the date it was found in Burrell's cell. [Dkt. 8-1]. Even if there was a chain of custody violation Burrell has failed to show how that violation had a substantial and injurious effect on the outcome of the proceedings. *O'Neal v. McAninch*, 513 U.S. 432 (1995). As such, this claim is without merit and Burrell is not entitled to relief.

Burrell next claims that he was denied an impartial decision maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Burrell claims that Hearing Officer "Driscol [ordered] offender Burrell['s] cell to be shake[en] down"; was the "direct

immediate shift supervisor of McNanney"; "violated the chain of custody"; and "was directly and indirectly involved in the incident." [Dkt. 1, at p. 4]. In order to show that a decision maker was biased, an offender must show that the officer was substantially involved in the underlying incident.

Here, there is no evidence that the Hearing Officer was substantially involved in the underlying incident. Burrell does not claim the Hearing Officer was present when his cell was searched, and the Hearing Officer was different than the screening officer. Burrell is not entitled to relief on this claim.

Third, Burrell alleges he was denied the right to call a witness. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). The Hearing Officer did consider Offender Thomas' statement. Burrell has failed to identify any witness that the Hearing Officer failed to call. This argument is without merit. Burrell is not entitled to relief on this claim.

Fourth, Burrell alleges he was denied exculpatory evidence. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks,* 81 F.3d at 721. The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011). Burrell failed to identify what the alleged exculpatory evidence was, how it could have

5

aided his defense, or how he was prejudiced by its absence. In fact, this is the whole of his argument.

> A) Ground Three:
>
> ~~Due~~ Process Right to call witness /exculpatory evidence
> A. I.D. Code 11-115-5 Sec 5 (a) ⊠ (5)
> B ADP 2015 02-04-101 PG 3 III. K
> C. ADP 2015 02-04-101 PG 19 VIII. A. 4 (4)
>
> -4-

Burrell's claim that he was denied exculpatory evidence fails. He is not entitled to relief.

Finally, Burrell alleges the written findings were inadequate. The requirement to provide a written statement is intended to ensure "administrative accountability and meaningful review," but is "not onerous." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). To satisfy due process, "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Id*. The Hearing Officer noted that in reaching the decision she considered and relied upon staff reports, Burrell's statements, evidence from witnesses, and the photos of the evidence. [Dkt. 8-3]. Further, the Hearing Officer stated that the reason for the decision was "staff reports." *Id*. This is sufficient to satisfy due process.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Burrell's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Entry shall now issue.

**The clerk is instructed** to update the petitioner's address consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

Date: 4/20/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Zao Burrell, #149290
Inmate Mail/Parcels
Indiana State Prison
1 Park Row St.
Michigan City, IN 46360

Electronically registered counsel

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**